IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA22-742

Filed 18 April 2023

New Hanover County, No. 21CVS3584

HENRY FONVIELLE, Petitioner-Appellant,

v.

NORTH CAROLINA COASTAL RESOURCES COMMISSION, Respondent Agency-Appellee,

and,

WBRP, L.L.C.; THOMAS G. CONLEY; and TIMOTHY R. CONLEY, Intervenor-Respondents-Appellees.

Appeal by petitioner-appellant from order entered 5 April 2022 by Judge Thomas H. Lock in New Hanover County Superior Court. Heard in the Court of Appeals 22 March 2023.

> *Law Offices of G. Grady Richardson, Jr., P.C., by Susan Groves Renton and G. Grady Richardson, Jr., for petitioner-appellant.*

> *Attorney General Joshua H. Stein, by Special Deputy Attorney General Mary L. Lucasse, for respondent agency-appellee.*

> *McGuireWoods LLP, by Elizabeth Z. Timmermans, Zachary L. McCamey, and John Huske Anderson, Jr., for intervenor-respondents-appellees.*

FLOOD, Judge.

Petitioner argues the trial court erred in affirming the Coastal Resources Commission's denial of Petitioner's request for a contested case hearing, and holding

Petitioner was not an adjacent riparian landowner entitled to actual notice. As we explain in further detail below, the Coastal Resources Commission did not have subject matter jurisdiction to consider Petitioner's request, and the trial court did not err.

## I. Factual and Procedural History

This case concerns two oceanfront properties in the Town of Wrightsville Beach (the "Town"): the first is the site at issue (the "Site") located at 15 East Augusta Street and owned by Intervenor-Respondents Thomas Conley and Timothy Conley through WBRP, LLC ("Intervenor-Respondents"), and the second is the property located at 18 East Augusta Street and owned by Petitioner Henry Fonvielle ("Petitioner"). The Site and Petitioner's property are separated by the end of East Augusta Street at the public beach access, which lies to the south of the Site and to the north of Petitioner's property.

In October 2019, Intervenor-Respondents applied for a Coastal Area Management Act ("CAMA") minor permit, as required by statute, to demolish the existing house and develop the Site. *See* N.C. Gen. Stat. § 113A-118 (2021). Application for a CAMA minor permit requires, *inter alia*, certification of "Notice of Adjacent Property Owners." On 11 January 2021, Scott Sullivan, acting as an agent of Intervenor-Respondents, applied for a subsequent CAMA minor permit application (the "Application") to construct a home on the Site. In the Application, Intervenor-Respondents certified to having given notice to the owner of the northern adjacent

property to the Site, but Petitioner was not identified as a property owner to whom Intervenor-Respondents gave notice. With the Application, Intervenor-Respondents submitted a Preliminary Site Plan drawing, which consists of a map detailing home construction plans on the Site, elevation lines, and the "Static Line." Notice of Application was posted on the Site, in the form of a "placard," on 22 January 2021. The Application was accepted as complete on 25 January 2021 by CAMA Local Permit Official Tony Wilson (the "LPO").

On 5 February 2021 the LPO issued CAMA Minor Development Permit No. WB21-0002 (the "Permit") to Intervenor-Respondents, authorizing construction of a new single-family residence. On 21 July 2021, the LPO contacted Department of Coastal Management ("DCM") staff to arrange a meeting with Petitioner on the Site, to discuss Petitioner's concerns about the construction on the Site and discuss the Static Line drawn between the Site and Petitioner's property. On 23 July 2021, DCM staff met with the LPO and Petitioner at Petitioner's residence.

On 30 July 2021, the LPO issued a Stop Work Order, and provided, (1) the roof of the home under construction on the Site was over the setback line, and (2) Intervenor-Respondents failed to provide notice to Petitioner. The LPO requested an "as-built survey" from Intervenor-Respondents confirming the construction conformed to the Permit requirements. Soon after, Intervenor-Respondents provided to the LPO the requested "as-built survey" (the "Underwood Survey"), and the LPO lifted the Stop Work Order based on the information provided in the Underwood

Survey.

On 3 August 2021, Petitioner submitted to the North Carolina Coastal Resources Commission (the "Commission") his request for a third-party contested case hearing. On 20 August 2021, the Commission issued its decision, denying Petitioner's request as untimely and holding the Commission lacked subject matter jurisdiction to consider the request as it was not brought within twenty days of the Permit's issuance. *See* N.C. Gen. Stat. § 113A-121.1(b) (2021). Petitioner appealed the Commission's decision to New Hanover Superior Court.

On 5 April 2022, the trial court—which made no findings of fact—denied Petitioner's petition and affirmed the Commission's denial of Petitioner's contested case hearing request, and concluded in its order:

> Petitioner is not an "adjacent riparian property owner" under 15A [N.C. Admin. Code] 7J.0204(b)(5), and accordingly was not entitled to notice of [Intervenor-Respondents'] intention to develop [Intervenor-Respondents'] property and apply for a CAMA minor development permit. Assuming arguendo that Petitioner is an adjacent riparian property owner, the only notice to which he would be entitled is of [Intervenor-Respondents'] intent to develop the property and apply for the CAMA permit.

Petitioner timely appealed.

## **II. Jurisdiction**

Under North Carolina law for the administrative review of permit decisions,

> [a] determination that a person may not commence a contested case is a final agency decision and is subject to

judicial review under Article 4 of Chapter 150B of the General Statutes. If, on judicial review, the court determines that the Commission erred in determining that a contested case would not be appropriate, the court shall remand the matter for a contested hearing under [N.C. Gen. Stat. §] 150B-23 and final decision on the permit pursuant to [N.C. Gen. Stat. §] 113A-122. Decisions in such cases shall be rendered pursuant to those rules, regulations, and other applicable laws in effect at the time of the commencement of the contested case.

N.C. Gen. Stat. § 113A-121.1(b) (2021); *see also Balance v. N.C. Res. Comm'n*, 108 N.C. App. 288, 291, 423 S.E.2d 815, 817 (1992) ("The provisions of N.C. Gen. Stat. § 113A-121.1 make it abundantly clear that [an] agency's denial of [a] petitioner[']s request for a contested case hearing is a final agency decision subject to judicial review.").

## III. Analysis

Petitioner argues (1) the trial court erred in its interpretation of the regulations governing the Commission's decision to deny his request for a contested case hearing, and (2) the trial court acted arbitrarily and capriciously in affirming the Commission's decision.

### A. Standard of Review

"An appellate court's standard of review of an agency's final decision . . . has been, and remains, whole record on the findings of fact and *de novo* on the conclusions of law." *Harris v. N.C. Dep't of Pub. Safety*, 252 N.C. App. 94, 102, 798 S.E.2d 127, 134 (2017). Under a *de novo* review, we consider "the matter anew and freely

substitute[] [our] own judgment for the agency's judgment." *Mann Media, Inc. v. Randolph Cnty. Plan. Bd.*, 356 N.C. 1, 13, 365 S.E.2d 9, 17 (2002) (citation and internal quotation marks omitted).

When this Court applies the whole record test, we "may not substitute [our] judgment for the agency's as between two conflicting views, even though [we] could reasonably have reached a different result had [we] reviewed the matter *de novo*." *N.C. Dep't of Env. and Nat. Res. v. Carroll*, 358 N.C. 649, 660, 599 S.E.2d 888, 895 (2004); *see Diaz v. Div. of Soc. Servs.*, 360 N.C. 386, 628 S.E.2d 1, 2 (2006) ("In cases appealed from administrative tribunals, we review questions of law *de novo* and questions of fact under the whole record[.]"). We must review all competent evidence "to determine whether there is substantial evidence to justify the agency's decision." *Carroll*, 358 N.C. at 660, 599 S.E.2d at 895.

"'Substantial evidence' is 'relevant evidence a reasonable mind might accept as adequate to support a conclusion.'" *Id.* at 660, 599 S.E.2d at 895 (quoting N.C. Gen. Stat. § 150B–2(8b) (2021)). Although our review is of the trial court's order affirming the Commission's decision, as the Commission is the only fact-finding body of this proceeding, we consider whether there was substantial evidence that supported the Commission's findings of fact. *See Watkins v. N.C. State Bd. of Dental Exam'r*, 358 N.C. 190, 199, 593 S.E.2d 764, 769 (2004) (applying the "whole record" test to determine whether an agency's decision was supported by substantial evidence, on appeal from the trial court's order reversing the agency's decision).

## B. Correctness of the Commission's Decision

Petitioner argues the Application was incomplete as of 25 January 2021 and was not made complete until the late-July submission of the Underwood Survey. Therefore, according to Petitioner, the "trial court erred in affirming the Decision which held as fact that [the] Application was complete in January 2021." Respondent and Intervenor-Respondents contend Petitioner's claim that the Application was incomplete does not excuse the untimeliness of his contested case hearing request, and Petitioner's request is barred by N.C. Gen. Stat. § 113A-121.1(b). To address the timeliness of Petitioner's request, we must first consider whether the Application was complete as of 25 January 2021.

### 1. The Application's Completeness as of 25 January 2021

Because Petitioner's argument concerns an issue of fact, we conduct our review under the whole record test. *See Harris,* 252 N.C. App. at 102, 798 S.E.2d at 134. As our Supreme Court has provided:

> Under the whole record test, [an agency's] finding[s] must stand unless [they are] arbitrary and capricious. In determining whether an agency decision is arbitrary or capricious, the reviewing court does not have the authority to override decisions within agency discretion when that discretion is exercised in good faith and in accordance with law. The arbitrary and capricious standard is a difficult one to meet. Administrative agency decisions may be reserved as arbitrary or capricious if they are patently in bad faith, or whimsical in the sense that they indicate a lack of fair and careful consideration or fail to indicate any course of reasoning and the exercise of judgment.

*Mann*, 356 N.C. at 16, 565 S.E.2d at 19 (citation and quotation marks omitted) (cleaned up).

Under 15A N.C. Admin. Code 07J.0204(b)(5)(B) (the "governing regulation"), for a CAMA minor permit application to be accepted as "complete," the following requirements must be met:

> [T]he applicant must give actual notice of his intention to develop his property and apply for a CAMA minor development permit to all adjacent riparian landowners. Actual notice can be given by sending a certified letter, informing the adjoining property owner in person or by telephone, or by using any other method which satisfies the Local Permit Officers that a good faith effort has been made to provide the required notice[.]

15A N.C. Admin. Code 07J.0204(b)(5)(B) (2021).

When this Court reviews a final decision of an administrative agency in a contested case, our review is "governed by [N.C. Gen. Stat. §] 150B-51(b)[,]" and "it is the responsibility of the administrative body, not a reviewing court, to determine the weight and sufficiency of the evidence[,] . . . to draw inferences from the facts, and to appraise conflicting and circumstantial evidence." *Watkins*, 358 N.C. at 199, 202, 593 S.E.2d at 769, 771 (2004). In *Watkins*, our Supreme Court reviewed the entire record on an appeal from a final agency decision concerning a contested case. 358 N.C. at 194, 593 S.E.2d at 766. The petitioner in *Watkins* alleged, *inter alia*, the agency's decision was arbitrary and capricious. *Id.* at 194, 593 S.E.2d at 766. Accordingly, the issue for review was whether the agency's decision was supported by substantial

evidence in view of the entire record. *Id.* at 199, 593 S.E.2d at 769.

Prior to assessing the agency's findings of fact and conclusions of law in *Watkins*, our Supreme Court provided they must "examine all the record evidence—that which detracts from the agency's findings and conclusions as well as that which tends to support them—to determine whether there is substantial evidence to justify the agency's decision." *Id.* at 199, 593 S.E.2d at 769. While there was evidence presented by the petitioner in *Watkins* that tended to detract from the agency's findings, there was also evidence that supported the agency's findings. *See id.* at 201–02, 593 S.E.2d at 770–71. Given the agency's role as the sole fact finder in *Watkins*, and based on the standard of review, the Court provided "[t]o the extent the evidence diverges, we defer to the [agency]'s resolution of any conflicts." *Id.* at 202, 593 S.E.2d at 771. As the agency's decision was supported by "relevant evidence a reasonable mind might accept as adequate," despite the presence of detracting evidence, the Court affirmed the agency's findings as supported by substantial evidence in review of the whole record. *Id.* at 202, 204, 593 S.E.2d at 771–73.

Here, per the governing regulation, the requirements for a CAMA minor permit application to be complete are that the applicant give actual notice to all adjacent riparian landowners, and that said notice satisfy the LPO that a good faith effort has been made to provide the required notice. *See* 15A N.C. Admin. Code 07J.0204(b)(5)(B) (2021). The Commission found as fact that the Application was complete on 25 January 2021. This finding was supported by evidence that

Intervenor-Respondents posted a placard on the Site on 22 January 2021, and that this method of notice satisfied the LPO that Intervenor-Respondents made a good faith effort to provide the required notice.

There is evidence here that detracts from the Commission's finding that the Application was complete: the Application lacked markings required by local permit application instructions, and the Underwood Survey filed in July 2021 provided additional information[1] that was not in the original application. As the Commission was presented with evidence the Application conformed to the requirements of the governing regulation, however, despite the presence of detracting evidence, the Commission's decision was supported by "relevant evidence a reasonable mind might accept as adequate" and was not arbitrary and capricious. *See Watkins*, 358 N.C. at 202, 593 S.E.2d at 771. As the Commission is the sole factfinder of this proceeding, to "the extent the evidence diverges, we defer to the [Commission's] resolution of any conflicts" in the evidence and affirm the Commission's finding that the Application was complete as of 25 January 2021. *Id.* at 202, 593 S.E.2d at 771.

## 2. Timeliness of Petitioner's Request

As Intervenor-Respondents' application was complete as of 25 January 2021,

---

[1] We note that, as argued by Respondent, the Underwood Survey merely clarified that the Application did conform to the governing regulation's requirements of permit issuance, and did not "significantly alter the project proposal[.]" *See* N.C. Admin. Code 07J.0204(d) (2021) ("If the changes or additional information [to an application] significantly alters the project proposal, the application shall be considered new and the permit processing period will begin to run from that date.").

we now consider whether Petitioner's request is barred as untimely, as argued by Respondent and Intervenor-Respondents. Under N.C. Gen. Stat. § 113A-121.1(b),

> [a] person other than a permit applicant . . . who is dissatisfied with a decision to deny or grant a minor or major development permit may file a petition for a contested case hearing only if the Commission determines that a hearing is appropriate. A request for a determination of the appropriateness of a contested case hearing shall be made in writing and received by the Commission within 20 days after the disputed permit decision is made.

N.C. Gen. Stat. § 113A-121.1(b) (2021). A petitioner's timely filing of a hearing request pursuant to N.C. Gen. Stat. § 113A-121.1(b) is a condition precedent to the exercise of the Commission's subject matter jurisdiction. *See Cunningham v. Goodyear Tire & Rubber Co.*, 381 N.C. 10, 2022-NCSC-46, ¶ 25 ("Under North Carolina law, satisfaction of the timely-filing requirement is a condition precedent to the exercise of [a] Commission's jurisdiction and, accordingly, implicates the subject-matter jurisdiction of [a] Commission.").

Here, the Application was deemed "complete" as of 25 January 2021, and the Permit was issued to Intervenor-Respondents on 5 February 2021. Accordingly, the statutory twenty-day window for a third party to file a contested case hearing request for the issuance of the Permit began on 5 February 2021. *See* N.C. Gen. Stat. § 113A-121.1(b) (2021). Petitioner, however, submitted his request for a contested case hearing on 3 August 2021. Any third-party petition for a contested case hearing was required to be filed within twenty days of 5 February 2021, and Petitioner's request

was submitted well beyond the statutory deadline set forth in N.C. Gen. Stat. § 113A-121.1(b).  As the timely-filing requirement is a condition precedent to the exercise of the Commission's jurisdiction, Petitioner's late filing deprived the Commission of subject matter jurisdiction to consider his request.  *See Cunningham*, ¶ 25.

Petitioner argues, however, he is an adjacent riparian landowner under the governing regulation.  Petitioner specifically contends Intervenor-Respondents, as part of their application for a CAMA minor permit, were required to provide him notice as an adjacent riparian landowner and failed to do so.  According to Petitioner, because he did not receive the required notice, the Permit was issued before Intervenor-Respondents submitted a complete Application and Petitioner was therefore prevented from timely challenging the premature permit decision.

Under the governing regulation, a CAMA minor development permit may be deemed complete if an applicant gives to all adjacent riparian landowners actual notice of his intent to develop, and the applicant's method of notice "satisfies the Local Permit Officers that a good faith effort has been made to provide the required notice[.]"  15A N.C. Admin. Code 07J.0204(b)(5)(B) (2021).  As set forth above, however, the Commission properly found the Application was complete because their finding was supported by substantial evidence the Application conformed to the governing regulation: Intervenor-Respondents provided notice by means of a "placard" posted on the Site, and the LPO was satisfied Intervenor-Respondents made a good faith effort to provide the required notice.  Our analysis need not go

further because, regardless of whether Petitioner is an adjacent riparian landowner under the governing regulation, the Application was complete as of 25 January 2021. For Petitioner's request to be deemed timely, Petitioner must have submitted his request within the twenty days following the issuance of the Permit, and Petitioner failed to do so. The trial court did not err in affirming the Commission's determination that Petitioner's request was untimely.

## IV. Conclusion

Petitioner failed to timely file his petition for a contested case hearing, and the Commission did not have subject matter jurisdiction to consider his request. Accordingly, the order of the trial court is affirmed.

AFFIRMED.

Judges GRIFFIN and RIGGS concur.